[No. 6819. Decided November 4, 1907.]

THE STATE OF WASHINGTON, *on the Relation of Chehalis County et al., Plaintiff*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY *et al., Respondents.*[1]

COUNTIES—ESTABLISHMENT — STATUTES — CONSTITUTIONAL LAW— PRESUMPTIONS—VALIDITY. Under Const., art. 11, § 3, providing that no new county shall be established which shall reduce any county to a population of less than four thousand, or from a new county of less than two thousand, it cannot be assumed that the legislature has determined the prerequisite population, where the act attempting to create a new county contains provisions for taking a census to determine the population.

SAME—VALIDITY OF ACT—STATUTES—CERTAINTY. An act to create a new county out of a county bounded by several districts, is void for indefiniteness and uncertainty, where it provides that the petition and proceedings therefor shall be transmitted by the governor to the superior judge of "the next nearest judicial district adjoining the judicial district" .in which the county in question is situated, there being nothing to determine· what superior judge or district was intended (MOUNT and FULLERTON, JJ., dissenting).

.Application filed in the supreme court June 13, 1907, for writs of prohibition to prohibit the superior court for Pacific county, Rice, J., from the exercise of functions imposed by an act providing for the creation of Grays Harbor county. Granted.

*W. H. Abel, Jas. M. Ashton, George Dysart, W. H. Hayden,* and *Morgan & Brewer*, for petitioners, contended, among other things, that the act is unconstitutional because it affirmatively appears upon its face that the legislature did not inform itself as to, nor determine the population of the new county, nor the remaining Chehalis county. Const. art. 11, § 3; Laws 1907, p. 62, §§ 2, 4. When the record states the evidence or makes an averment with reference to a judicial fact, it will be understood to speak the truth on that point.

[1]Reported in 92 Pac. 345

*Galpin v. Page,* 18 Wall. 350, 21 L. Ed. 959; 1 Herman,
Estoppel, 447. But where a want of jurisdiction affirmatively
appears by the record, then the judgment, even of a court of
general jurisdiction, is void. *Savage v. Sternberg,* 19 Wash.
679, 54 Pac. 611, 67 Am. St. 751; *Sturgiss v. Dart,* 23 Wash.
244, 62 Pac. 858; *Wallace v. Grant,* 27 Wash. 130, 67 Pac.
578; *In re Yamashita,* 30 Wash. 234, 70 Pac. 482, 94
Am. St. 860, 59 L. R. A. 671; Freeman, Judgments (4th
cd.), § 116. The fact that a court does act involves the
adjudication that it has power to act. *Clary v. Hoagland,*
6 Cal. 685; *Graff v. Louis,* 71 Fed. 591; *Florentine v. Barkin,*
2 Wall. 210, 17 L. Ed. 783. The exercise of jurisdiction
implies the finding a necessary jurisdictional fact. Van Fleet,
Coll. Attack, § 62; *Osborne v. Sutton,* 108 Ind. 443, 9 N. E.
410; *Manier v. Trumbo,* Fed. Cases, No. 18,309; 11 Cyc.
700; *Farquharson v. Yeargin,* 24 Wash. 549, 64 Pac. 717;
*State ex rel. Reed v. Jones,* 6 Wash. 452, 34 Pac. 201, 23 L.
R. A. 340. It is the duty of the court to deny its own juris-
diction on its own motion, where the record discloses a want of
jurisdiction. 11 Cyc. 701; 6 Current Law 313; *Gorman-
Wright Co. v. Wright,* 134 Fed. 363; *United States v. Bar-
rett,* 135 Fed. 189; *Macey Co. v. Macey,* 135 Fed. 725. If
evidence of a fact was required it must be supposed that it was
before the legislature when the act was passed. Cooley,
Const. Lim. (5th ed.), p. 222; *State ex rel. Attorney General
v. County of Dorsey,* 28 Ark. 378; *Ramsey v. People,* 19 N.
Y. 41. The new county could not be created until the legisla-
ture informed itself of the existence of the prerequisite facts.
*De Camp v. Eveland,* 19 Barb. 81; *Lusher v. Scites,* 4 W. Va.
11; *Fraser v. James,* 65 S. C. 78, 43 S. E. 292; *Board of
Supervisors Jackson County v. Brush,* 77 Ill. 59; *Maxwell
v. Bay City Bridge Co.,* 41 Mich. 453, 2 N. W. 639; *Belo v.
Com'rs of Forsythe,* 76 N. C. 489. Where a power is granted
upon condition, a compliance with that condition is an es-
sential prerequisite to a valid execution of the power. *Hickey*

*v. Chicago etc. R. Co.*, 6 Ill. App. 172; *North Chicago St. R. Co. v. Cheetham*, 58 Ill. App. 318; *Hunt v. Chicago etc. R. Co.*, 121 Ill. 638, 13 N. E. 176; *Com'rs of Knox County Ind. v. Aspinwall*, 21 How. 539, 16 L. Ed. 208; *Runnsey v. People*, 19 N. Y. 41; Cooley, Const. Lim. (5th ed.), p. 245. No petition was presented to, nor acted upon by the legislature at or prior to the passage of the act. Const., art. 11, § 3; Laws 1907, p. 62, §§ 2, 3. No general law applicable to the whole state prescribing the conditions upon which territory can be stricken from any county has ever been enacted in this state, and unless such has been done a special act creating and establishing a new county by striking territory from any county is unconstitutional. Bal. Code, §§ 269-274, 4859 (P. C. §§ 3915-3920, 315). The act is unconstitutional because it delegates other than judicial power to a judge. Cooley, Const. Lim. (5th ed.), p. 139; 8 Cyc. 806; *Patterson v. Temple*, 27 Ark. 202; *Evansville v. State ex rel. Blend*, 118 Ind. 426, 21 N. E. 267, 4 L. R. A. 93; 4 Words & Phrases 3860. The question of the division of a county is a political question and not a judicial one. *Riverside County v. San Bernardino County*, 134 Cal. 517, 66 Pac. 788; *Board of Com'rs v. Perkins*, 5 Wyo. 166; 11 Cyc. 343, 344, 349. A judicial act is one confined to judicial officers to be exercised in a judicial way. *Supervisors of Onondaga v. Briggs*, 2 Denio 26; *In re Saline County Subscription*, 45 Mo. 52, 100 Am. Dec. 337. There can be no judicial action without notice of the proceedings. 11 Cyc. 671; *Galpin v. Page*, 85 U. S. 350, 21 L. Ed. 959, 3 L. R. A. 625; *Davidson v. New Orleans*, 96 U. S. 97, 24 L. Ed. 616; *Wilson v. Seattle*, 2 Wash. 543, 27 Pac. 474; Cooley, Const. Lim. (5th ed.), p. 579; 3 Blackstone 283; *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; 22 Am. & Eng. Ency. Law (2d ed.), 142; *Windsor v. McVeigh*, 93 U. S. 274, 23 L. Ed. 914; *Hassall v. Wilcox*, 130 U. S. 493, 9 Sup. Ct. 590, 32 L. Ed. 1001. The acts to be performed by the judge were not judicial acts. *Board of Supervisors v. Todd*, 97 Md. 247, 54 Atl. 963, 99 Am. St.

438, 62 L. R. A. 809; *State ex rel. Hardy v. Clough*, 64 Minn. 378, 67 N. W. 202. And on the ground that the question was political, the courts have been prohibited from fixing the territory out of which cities, towns, and counties shall be created requiring that question to be determined by the legislature, or legislative or executive bodies. *Territory ex rel. Kelly v. Stewart*, 1 Wash. 98, 23 Pac. 405, 8 L. R. A. 106; *In re Village of Ridgefield Park*, 54 N. J. L. 288, 23 Atl. 674; *State v. Simons*, 32 Minn. 540, 21 N. W. 750; *Galesburg v. Hawkinson*, 75 Ill. 152; *People v. Town of Nevada*, 6 Cal. 143; *Christlieb v. County of Hennepin*, 41 Minn. 142, 42 N. W. 930. In the formation of a new school district, the facts to be determined by the county commissioners, were held to be legislative, and in no manner judicial. *Lemont v. County of Dodge*, 39 Minn. 385, 40 N. W. 359; *Krieschel v. Board of Com'rs, Snohomish County*, 12 Wash. 428, 41 Pac. 186. The removal of a county seat is political and the courts have no right to interfere. *Robey v County Commissioners*, 92 Md. 150, 48 Atl. 48; *State v. Ueland*, 30 Minn. 29, 14 N. W. 58. Courts are powerless to establish county lines, or add to or take from territorial area of counties. This can only be done by another branch of the state government. 8 Cyc. 818, 835, 845; *Shaffner v. Young*, 10 N. D. 245; *Norwalk Street R. Co.'s Appeal*, 69 Conn. 576, 39 L. R. A. 794. Only strictly judicial duties can be performed by supreme and superior courts. 8 Cyc. 807, par. 3; *Houston v. Williams*, 13 Cal. 24, 73 Am. Dec. 565; *Smith v. Strother*, 68 Cal. 194, 8 Pac. 852; *People v. Sanderson*, 30 Cal. 160; *Ex Parte Griffiths*, 118 Ind. 83, 20 N. E. 513, 10 Am. St. 107, 3 L. R. A. 398; *State ex rel. Hovey v. Noble*, 118 Ind. 350, 21 N. E. 244, 10 Am. St. 143, 4 L. R. A. 101; *Lewis v. Webb*, 3 Me. 326; *Oakley v. Aspinwall*, 3 N. Y. 547. The taking effect of the act and the creation of Grays Harbor county is made to take effect upon the future ascertainment of a set of facts in existence prior to the passage of the act and for which reason it is unconstitutional. Const., art. 11,

§ 10; *State v. Young*, 29 Minn. 474, 9 N. W. 737; *Thornton v. Territory*, 3 Wash. Ter. 482, 17 Pac. 896. The power to make laws is legislative and an act which gives the county court the right to suspend it is void. *State v. Field*, 17 Mo. 529, 59 Am. Dec. 275. The law is ambiguous and incapable of construction or interpretation. Black, Statutory Construction, § 35; *State v. Partlow*, 91 N. C. 550, 49 Am. Rep. 652; *Drake v. Drake*, 15 N. C. 110; *Ex Parte Jones*, 49 Ark. 110, 4 S. W. 639; *Green v. Wood*, 7 Ad. & El. (N. S.) 178; *State ex rel. Crow v. West Side St. R. Co.*, 146 Mo. 155, 47 S. W. 959; *In re Hendricks*, 60 Kan. 796, 57 Pac. 965; *Hilburn v. St. Paul etc. R. Co.*, 23 Mont. 229, 58 Pac. 551, 811; *Matthews v. Murphy*, 23 Ky. Law 750, 63 S. W. 785; *Commonwealth v. Louisville & N. R. Co.*, 20 Ky. Law 491, 46 S. W. 700; *State ex rel. Long v. Brinkman*, 3 Ohio C. D. 710; *In re House Resolution*, 12 Colo. 359, 21 Pac. 485; *Ward v. Ward*, 37 Tex. 389; *Commonwealth v. Bank of Pennsylvania*, 3 Watts & S. 173; *State ex rel. Wyatt v. Ashbrook*, 154 Mo. 375, 55 S. W. 627, 77 Am. St. 756, 48 L. R. A. 265; *Cook v. State*, 26 Ind. App. 278; *Louisville & N. R. Co. v. Commonwealth*, 99 Ky. 132, 35 S. W. 129, 59 Am. St. 457, 33 L. R. A. 209; *State v. Taylor*, 7 S. D. 533, 64 N. W. 548; *Johnston v. State*, 100 Ala. 32, 14 South. 629; *Holmberg v. Jones*, 7 Idaho 752, 65 Pac. 563; *Matter of McGinniss' Estate*, 13 Misc. Rep. 714, 35 N. Y. Supp. 820; *State v. Stevens*, 21 Kan. 160.

*John C. Hogan*, *J. B. Bridges*, *Harold Preston*, and *Graves, Palmer & Murphy*, for respondents, contended, *inter alia*, that Chehalis county has no legal standing as a party to this suit. Bal. Code, §§ 265, 266, 342-349, 466, 4757, 5673; *Kitsap County v. Carson*, 1 Wash. Ter. 419; *Stowe v. State*, 2 Wash. 124, 25 Pac. 1085; *State ex rel. Rochford v. Superior Court Yakima County*, 4 Wash. 30, 29 Pac. 764; *Presby v. Klickitat County*, 5 Wash. 329, 31 Pac. 876; *Smith v. Lamping*, 27 Wash. 264, 68 Pac. 195; *State ex rel. Barton v. Hopkins*,

14 Wash. 59; 44 Pac. 134, 550; *Dirks v. Collin*, 37 Wash. 620, 79 Pac. 1112. Jurisdiction is presumed. *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20; *Nolan v. Arnot*, 36 Wash. 101, 78 Pac. 463; *Bock v. Sanders*, 46 Wash. 462, 90 Pac. 597. The legislature had the power to fix requirements in addition to those prescribed by the constitution. *Alexander v. People*, 7 Colo. 155, 2 Pac. 894; *State ex rel. Saunders v. Clark*, 59 Neb. 702, 82 N. W. 8; *State ex rel. Packard v. Nelson*, 34 Neb. 162, 51 N. W. 648. The fact in regard to population may be determined by a body or tribunal other than the legislature. *Garfield v. Brayton*, 33 Iowa 16; *State v. St. John*, 21 Kan. 591; *Woods v. Henry*, 55 Mo. 560; *State ex rel. Brayton v. Merriman*, 6 Wis. 17; *State ex rel. Pennell v. Armstrong*, 30 Neb. 493, 46 N. W. 618, 9 L. R. A. 382; *Union County v. Knox County*, 90 Tenn. 541, 18 S. W. 254; *State ex rel. Spaulding v. Elwood*, 11 Wis. 17; *Marion County v. Grundy County*, 37 Tenn. 490; *Bridgenor v. Rodgers*, 41 Tenn. 258; *Bittle v. Stuart*, 34 Ark. 224; *McMillan v. Hannah*, 106 Tenn. 689, 61 S. W. 1020; *Roane County v. Anderson County*, 89 Tenn. 259, 14 S. W. 1079; *Cheatham County v. Dickson County* (Tenn.), 39 S. W. 734; *Kumler v. Board of Supervisors*, 103 Cal. 393, 37 Pac. 383; *Commonwealth ex rel. Burns v. Handley*, 106 Pa. St. 249; *Chicago Terminal etc. R. Co. v. Greer*, 223 Ill. 104, 79 N. E. 46, 114 Am. St. 313. The provision relating to the petition is constitutional. *State ex rel. Pennell v. Armstrong*, 30 Neb. 493, 46 N. W. 618, 9 L. R. A. 382; *State ex rel. Anderson v. Newman*, 24 Neb. 40, 38 N. W. 40; *Ford v. North Des Moines*, 80 Iowa 626, 45 N. W. 1031; *Guild v. Chicago*, 82 Ill. 472. The act does not delegate legislative powers to the superior court. *People v. Provines*, 34 Cal. 520; Indiana Constitution, art. 3; *Grusenmeyer v. Logansport*, 76 Ind. 549, *Forsythe v. Hammond*, 142 Ind. 505, 40 N. E. 267, 41 N. E. 950, 30 L. R. A. 576; Id., 166 U. S. 506, 17 Sup. Ct. 665, 41 L. Ed. 1095; Utah Constitution, art. 6, § 1; *Young v. Salt Lake City*, 24 Utah 321, 67

Pac. 1066; *State ex rel. Matson v. Superior Court Skagit County,* 42 Wash. 491, 85 Pac. 264, *In re Westlake Avenue,* 40 Wash. 144, 82 Pac. 279; *Edgewater v. Liebhardt,* 32 Colo. 307, 76 Pac. 336; *People v. Fleming,* 10 Colo. 553, 16 Pac. 298; *Eldred v. Johnson,* 18 Colo. App. 384, 71 Pac. 891; *Kayser v. Breman,* 16 Mo. 88; *State ex rel. Hagestad v. Sullivan,* 67 Minn. 379, 69 N. W. 1094; *Chicago Terminal etc. R. Co. v. Greer, supra; Village of Fairview v. Giffee,* 73 Ohio St. 183, 67 N. E. 865; *Ross v. Board of Chosen Freeholders,* 69 N. J. L. 291, 55 Atl. 310; *Nash v. Fries,* 129 Wis. 120, 108 N. W. 210. An act providing for the annexation of territory to cities under certain conditions and providing for the determination of those conditions by the court is not open to the objection that it confers legislative powers upon the court. *Burlington v. Leebrick,* 43 Iowa 252; *Wahoo v. Dickinson,* 23 Neb. 426, 36 N. W. 813; *Whittaker v. Venice,* 150 Ill. 195, 37 N. E. 240; *Young v. Carey,* 184 Ill. 613, 56 N. E. 960; *Callen v. Junction City,* 43 Kan. 627, 23 Pac. 652, 7 L. R. A. 736; *Eskridge v. Emporia,* 63 Kan. 368, 65 Pac. 694; *Mendenhall v. Burton,* 42 Kan. 570, 22 Pac. 558; *State ex rel. Matson v. Superior Court Skagit County,* 42 Wash. 491, 85 Pac. 264; *State v. Ueland,* 30 Minn. 29, 14 N. W. 58; *Brown v. Turner,* 70 N. C. 93. The act may lawfully provide that the county shall not come into existence except upon a vote of a majority of its voters. *People v. Reynolds,* 10 Ill. 1; *People ex rel. Graves v. McFadden,* 81 Cal. 489, 22 Pac. 851, 15 Am. St. 66; *People ex rel. Love v. Nally,* 49 Cal. 478; *Jackson v. State,* 131 Ala. 21, 31 South. 380; *Black v. Board of Com'rs of Buncombe County,* 129 S. C. 121, 39 S. E. 818; *State ex rel. Spaulding v. Elwood,* 11 Wis. 17. A law may be made conditional. *Hand v. Stapleton,* 135 Ala. 156, 33 South. 689; *Attorney General ex rel. Battishill v. Township Board,* 143 Mich. 523, 107 N. W. 87; *Aurora v. United States,* 7 Cranch. 382, 3 L. Ed. 378; *Field v. Clark,* 143 U. S. 649, 12 Sup. Ct. 495; *Locke's Appeal,* 72 Pa. St. 491,

13 Am. Rep. 716; *Bull v. Read*, 13 Gratt. (Va.) 78; *Walton v. Greenwood*, 60 Me. 356; *State v. Parker*, 26 Vt. 357; *Peck v. Weddell*, 17 Ohio St. 271; *Alcorn v. Hamer*, 38 Miss. 652. The legislature may prescribe the rule for determining the population, and the announcement of any rule which is in accordance with the spirit and meaning of the provision, will be upheld, although there might be a difference of opinion as to whether or not such was the best rule. *Wilson v. Bartlett*, 7 Idaho 271, 62 Pac. 416; *Williamson v. Russey*, 73 Ark. 270, 84 S. W. 229; *Board of Com'rs of Jackson County v. State ex rel. Brown*, 147 Ind. 476, 46 N. E. 908; *Taylor v. Taylor*, 10 Minn. 107; *People ex rel. Mitchell v. Warfield*, 20 Ill. 160; *Everett v. Smith*, 22 Minn. 53; *State ex rel. Teague v. Edwards*, 107 La. 49, 31 South. 381; *Hindman v. Boyd*, 42 Wash. 17, 84 Pac. 609; *State ex rel. Dustin v. Rusk*, 15 Wash. 403, 46 Pac. 387; *State ex rel. Saunders v. Clark*, 59 Neb. 702, 82 N. W. 8; *State ex rel. Packard v. Nelson*, 34 Neb. 162, 51 N. W. 648.

Root, J.—At the last session of the legislature a bill was passed looking to the creation of a county to be known as Grays Harbor county, and to be composed of territory taken from the present county of Chehalis. Laws 1907, p. 62. This is an application for writs of prohibition against the superior court in and for the counties of Lewis, Pacific, and Wahkiakum, and the Honorable A. E. Rice, judge of said court, to prohibit him and them from exercising any of the functions alleged to be imposed upon him or them by said act. The first section of said act employs the following language: .

"All that part of Chehalis county lying and being west and north of the following described line [here follows the entire description] shall be and is hereby created and established as the county of Grays Harbor: *Provided, however,* That the said Grays Harbor county is hereby created as aforesaid subject to the requirements of the constitution of the state of Washington in the respect to the establishment of new counties, and subject to an ascertainment of the fact of such com-

pliance as hereinafter provided, and that the creation of
Grays Harbor county hereby shall not become operative to
establish said county until such compliance shall have been so
had and the fact of such compliance so ascertained."

Section 2 provides that any qualified voter within the terri-
tory of the proposed new county may, within three months,
present to the governor a petition showing that it is signed
by a majority of the voters within said proposed new county,
and praying that the creation of the new county may be
deemed fully established when the constitutional provisions
are complied with; further providing that said petition shall
be accompanied by a bond in the sum of $1,000 to cover costs
of proceedings in case the county should not be established.

Section 3 provides:

"The governor shall forthwith transmit said petition to the
superior judge of the next nearest judicial district adjoining
the judicial district in which said county of Chehalis is now
situate,"

and said judge is required to examine the petition and ascer-
tain if it contains a sufficient number of signatures, and as
to whether the striking of the territory will leave Chehalis
county with a population of less than 4,000, and whether the
territory of the proposed new county contains a population of
2,000 or more; and provides that said judge may, in his dis-
cretion, appoint an elector and freeholder, or electors and free-
holders, residing in the territory of the proposed new county,
to enumerate the population of Chehalis county, or any part
thereof, so as to show the number of people living in each
portion; and the duties of said enumerator or enumerators
are prescribed.

Section 4 provides that, if the judge finds that there are
2,000 or more inhabitants within the boundaries of the pro-
posed new county, and that there shall remain 4,000 or more
inhabitants in the remaining portion of Chehalis county, he
shall thereupon make a decree setting forth that the provis-
ions of the constitution have been complied with. Upon the

filing of such decree, the clerk of the court is to transmit certified copies thereof to the county commissioners of Chehalis county, to the governor, and to the secretary of state. Section 5 provides that the governor, on receipt of said certified copy, shall make a proclamation declaring Grays Harbor county to be established. Other sections of the act provide for the organization of the new county, the apportionment of its indebtedness, etc.

Petitioners assert that the act is unconstitutional or otherwise void, and assign many reasons for this contention. It will be unnecessary to pass upon more than one. Article 11, section 3, of the state constitution, reads as follows:

"No new county shall be established which shall reduce any county to a population less than four thousand (4,000), nor shall a new county be formed containing a less population than two thousand (2,000). There shall be no territory stricken from any county unless a majority of the voters living in such territory shall petition therefor, and then only under such other conditions as may be prescribed by a general law applicable to the whole state."

It is urged by petitioners that the bill could not be passed until the legislature had ascertained the population of the proposed new county and of that portion which would remain in the old county after the creation of the new. It must, of course, be conceded that the constitutional provision is a limitation upon the power of the legislature to create a county. Respondents contend, however, that the county is not "established" by the mere passing of the bill, but that the legislature expressly provided a means by which all the constitutional requirements should be met; that it must be presumed that the legislature complied with all the requisites of the constitution, and ascertained the population of these portions of the territory into which the old county was to be divided. In the case of *Farquharson v. Yeargin*, 24 Wash. 549, 64 Pac. 717, this court held that, where the record was silent as to what the legislature had done in the premises, it would be pre-

sumed that that body had informed itself as to those matters which the constitution required it to have knowledge of, before passing the law.

It is urged by the petitioners that such presumption cannot be indulged in this case, for the reason that the provisions of the act itself show that the legislature had not informed itself as to the population of the two portions into which the territory of the former county was to be divided. We think this contention must be upheld. The act makes express provision for the ascertainment of these matters by another authority, and goes into detail as to how this shall be accomplished. It cannot be supposed that the legislature would do an idle thing. If it had already ascertained these matters, the ascertainment of which was essential to the formation and establishment of a new county, it cannot be thought that provisions would be placed in the bill for the subsequent ascertainment thereof by another body, officer, or person. It is strenuously urged by petitioners that the legislature was obliged to ascertain the population of these portions of the county before it passed the bill, and that as it affirmatively appears that it did not do so, the act must fall; that the attempted submission of this matter to the court or to a judge of a court was an attempted delegation of legislative power that was not delegable, and that it was an imposition upon the court and the judge thereof of nonjudicial duties which could not be legally exercised by a court or judge. In the case of *Farquharson v. Yeargin, supra,* this court said:

"The creation of a new county is an exercise of legislative power subject to the limitations referred to [the constitutional provisions above quoted]. Before this power can be rightfully exercised, it must be made to appear to the legislature affirmatively that the new county contains a population of not less than two thousand, and that by the creation of the new county the population of the county from which the new county is taken is not reduced to less than four thousand. When these facts are made to appear to the satisfaction of

the legislature, then the act creating the proposed new county may be passed."

If this be the law of the state, and if a new county can be at all legally created of territory stricken from an existing county, except under the provisions of a general law therefor, it must clearly appear that the act in question is obnoxious to the constitution. But it is insistently urged by respondents that this portion of the opinion is *obiter dictum*. Without passing upon this, but for the moment assuming that it is not controlling in this case, let us examine the provisions whereby the legislature sought to have an ascertainment made of the facts which the constitution makes a prerequisite to the establishment of a new county. This act sought to provide for the ascertainment of these facts by "the superior judge of the next nearest judicial district in which said county of Chehalis is now situate." Petitioners contend that this is absolutely indefinite and uncertain; that it cannot be ascertained from this or any other language of the statute who was the judge intended to be indicated by the legislature. Respondents answer this by saying that it was incumbent upon the governor to ascertain which was the "next nearest judicial district," and that his decision must be unquestionable and final.

We cannot bring ourselves to agree with this contention. We think the language shows that the legislature intended one of the three judges who preside respectively over the three districts adjoining Chehalis county. The question is, which one of these three did it have in mind and intend to designate? When the legislature itself did not determine essential facts, and sought to have them determined by some other authority, if it had the power at all to so have them ascertained, it was certainly incumbent upon it to clearly indicate what court, judge, official, or person should make such ascertainment. The creation of a new county from the territory of another is an important political event, and of special interest

to all of the inhabitants of that territory, and each and all
have the right to insist that, in the exercise of its power in
that direction, the legislature shall comply with the mandates
of the people as given in the constitution; and where it seeks
to make a law contingent upon the ascertainment of a certain
fact required by the constitution to exist before the law can
become effective, its language must be such as to indicate
clearly whom it intends as that court, judge, official, or per-
son. Responsibility must be fixed and definite.

In this case there are three judicial districts (if there be
any such thing as "judicial districts" in this state), each of
which adjoins the judicial district in which Chehalis county
is situated. Bounding Chehalis county upon a considerable
portion of its north line is Jefferson county, which, with other
counties, has a judge presiding over its superior court. Bound-
ing Chehalis county on the east and partly on the north are
Mason and Thurston counties, which for judicial purposes
are combined, having a superior court judge presiding over
the court in each county. Upon the south it is bounded by
Lewis and Pacific counties, both of which are, together with
Wahkiakum, in a judicial district presided over by the re-
spondent, Honorable A. E. Rice. As a mathematical and
geographical proposition, and consequently as an accepted
legal fact, it is impossible to say that any one of these dis-
tricts is nearer to Chehalis county than either of the other
two. It was therefore impossible for the governor, or any
court, officers, or person, to know from the language of the
act what judge was intended by the legislature. In the exer-
cise of any public function, the person, board, court, or other
body seeking to exercise such power must, if his act is to be
valid, be able to point to the legal authority justifying, re-
quiring, or permitting such act. In this case there can be no
such authority shown. Could a writ a mandamus run against
Judge Rice if he had refused to act? We apprehend not. His
name is not used. He is in no manner described or indicated.

30—47 WASH.

His judicial district is not mentioned.   Nor is anything said whereby it can be supposed that the legislature was speaking with reference to the judge of such district.   Under the writs in this case, it is incumbent upon the respondents to show that Judge Rice is the person authorized by this act to ascertain the facts and do the other things referred to therein.   This has not been done.   It cannot be done.   The act is entirely indefinite and uncertain.   Judge Still of the district including Jefferson county, or Judge Linn of the district comprising Mason and Thurston, is as fully and definitely indicated as Judge Rice.   The statute, being thus indefinite and uncertain, is incapable of enforcement; and no jurisdiction being shown in Judge Rice, the writs must issue, and it is so ordered.

HADLEY, C. J., DUNBAR, CROW, and RUDKIN, JJ., concur.

MOUNT, J. (dissenting)—I cannot agree to the conclusion reached by the majority of the court in this case.   The only restriction upon the legislature to create a new county is found in the words of the constitution:

"No new county shall be established which shall reduce any county to a population less than four thousand (4,000) nor shall a new county be formed containing a less population than two thousand (2,000)."   Const., art. 11, § 3.

The remaining portion of that section refers solely to striking territory from one existing county and adding it to another existing county.   The words "established" and "formed," as used in this provision, seem clear.   They were used advisedly and mean finally established or finally formed.   If the framers of the constitution meant to restrict the legislature from passing an act under which a new county might thereafter be established or formed, they used very inapt words to convey that idea.   In my opinion no such intention is manifested.   The expression quoted from *Farquharson v. Yeargin*, *supra*, that "when these facts are made to appear to the satisfaction of the legislature, then the act creating the proposed new county may be passed," is not warranted by the constitu-

tion, is dictum, and in my opinion, wrong if it is intended to apply to all cases. Such construction of the constitution would preclude the passage of a general law for the creation of new counties thereafter. The legislature is authorized to create or establish a new county either by special act or general law, and the facts in regard to population may be determined by the legislature, either before the passage of a special act finally establishing the county, or after the passage of the act where the county is not finally established by the terms of the act. In the latter event, the facts must be determined by some agent of the legislature before the county is finally established. I do not read the majority opinion as deciding against these views, but the decision is based solely upon the conclusion that the agent to ascertain the facts is not definitely pointed out.

The court takes notice of the fact that there are three judicial districts "adjoining the judicial district in which said county of Chehalis is now situated," and therefore concludes that there can be no next nearest judicial district because all three are equally near. This would probably follow if no further provision had been made. But the act provides that the governor shall transmit the petition to the judge next nearest. This, it seems to me, gives the governor power under reasonable construction, to determine which judge is next nearest where there are a number of judges in districts in theory equally near. When the governor designates one of that number, his selection under such conditions must be final. This point in itself is not of sufficient importance to invalidate the whole act; especially when it is remembered that courts will not invalidate a law where by reasonable construction it may be held valid. I therefore dissent.

FULLERTON, J., concurs with MOUNT, J.